**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BHANU RAM and MAHESH THAKUR

        Plaintiffs,

vs.                                                                                                                    No. CIV 05-1083 JB/WPL

NEW MEXICO DEPARTMENT
OF ENVIRONMENT, NED JERABEK,
Individually and as a Supervisor of NMDOE
and RICHARD GOODYEAR, Individually
and as a Supervisor of NMDOE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Defendants' Motion in Limine, filed October 31, 2006 (Doc. 60)("Motion to Exclude"). The Court held a hearing on the motion on December 7, 2006. The primary issues are: (i) whether the Court should exclude Human Rights Division ("HRD"), Equal Employment Opportunity Commission ("EEOC"), and Department of Justice ("DOJ") letters, determinations, and decisions from the trial in this case; and (ii) whether the Court should prohibit the Plaintiffs from making any reference at trial to the Americans With Disabilities Act ("ADA"), to disability, or to accommodations in connection with Plaintiff Bhanu Ram's health problems. Because the Court concludes that the HRD, EEOC, and DOJ letters, determinations, and decisions do not bear sufficient indicia of trustworthiness and have little probative value, the Court will exclude them from the trial and grant the motion in part. Because the Court does not believe, at this point in the proceedings, that it can determine definitely whether any prejudicial impact associated with references to Ram's alleged disabilities outweighs the probative value of the evidence,

the Court will not exclude such references in limine, but will deny the motion without prejudice to the Defendants renewing their objections to such references at trial within the context of a more fully developed record.

## **PROCEDURAL BACKGROUND**

The Plaintiffs allege that, incident to their employment at the New Mexico Department of Environment, they were discriminated against because of their Indian national origin. See Plaintiffs Ram and Thakur's Second Amended Complaint for Damages Related to Employment and Civil Rights Claims, filed August 16, 2006 (Doc. 58). The Plaintiffs premise their action on theories of disparate impact and treatment discrimination, unlawful retaliation, and subjection to a hostile work environment. See id. ¶ 9, at 2.

The trial in this matter is scheduled to begin on December 18, 2006. The Defendants bring this motion in limine and request the Court exclude the following evidence: (i) HRD, EEOC, and DOJ letters, determinations, and decisions; and (ii) references to the ADA, to disability, or to accommodations in connection with Ram's health problems. With respect to the HRD, EEOC, and DOJ letters, determinations, and decisions, the Plaintiffs concede that controlling Tenth Circuit precedent would exclude these materials and argue for a change of law. See Plaintiffs Ram and Thakur's Response to Motion in Limine to Exclude Mention Regarding Administrative Determinations and Mention of Plaintiff Ram's Disability at 1, filed November 21, 2006 (Doc. 70)("Response"). At the hearing on this motion, the Plaintiffs' counsel did not argue in opposition to this portion of the motion, but indicated that he merely wished to preserve the point for appeal.

See Transcript of Hearing at 4:13-19 (Geran)(taken December 7, 2006)("Transcript").[1] The Plaintiffs do object to precluding references to the ADA, to disability, or to accommodations in connection with Ram's health problems, and to the redaction of any evidence containing such references. See id. at 11:17.

**RULE 403**

Rule 403 of the Federal Rules of Evidence authorizes a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In evaluating whether evidence should be excluded on grounds of unfair prejudice, courts should consider the probable effectiveness of a limiting instruction and the availability of less prejudicial, alternative means of proof. See Old Chief v. United States, 519 U.S. 172, 184-85 (1997)("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); Fed. R. Evid. 403 advisory committee's note. The United States Court of Appeals for the Tenth Circuit has cautioned trial courts that "[e]xcluding otherwise admissible evidence under Rule 403 'is an extraordinary remedy that should be used sparingly.'" Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1231 (10th Cir. 2006)(quoting United States v. Roberts, 88 F.3d 872, 880 (10th Cir. 1996)).

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## **PROBABLE CAUSE DETERMINATIONS**

The Supreme Court of the United States has held that "administrative findings made with respect to an employment discrimination claim may . . . be admitted as evidence at a federal-sector trial de novo." Chandler v. Roudebush, 425 U.S. 840, 864 (1976)(citing Fed. R. Evid. 803(8)(C)). This holding reflects the Supreme Court's understanding of rule 803(8)(C), which permits, in civil actions, the admission of "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C).  The Tenth Circuit has instructed that, when passing on the admissibility of evaluative reports, trial courts should consider: (i) the timeliness of the investigation; (ii) the special skill and experience of the official that performs the review and/or investigation; (iii) the extent of the process afforded the allegedly aggrieved individual; and (iv) possible motivational problems implicated when reports are prepared in preparation for litigation rather than in the regular course of business. See Denny v. Hutchison Sales Corp., 649 F.2d 816, 821 (10th Cir. 1981)(citing Fed. R. Evid. 803(8) advisory committee's note).  Because of the fact-intensive nature of this analysis, the decision whether to admit administrative reports is within the sound discretion of the trial court. See Hall v. W. Prod. Co., 988 F.2d 1050, 1057 (10th Cir. 1993); Nulf v. Int'l Paper Co., 656 F.2d 553, 563 (10th Cir. 1981)("Trial courts have discretion in deciding whether to admit EEOC determinations into evidence and refer to them in their findings."); Franklin v. Skelly Oil Co., 141 F.2d 568, 572 (10th Cir. 1944)("The search is for truth and the trial court is the first and best judge of whether tendered evidence meets that standard of trustworthiness and reliability which will entitle it to stand as evidence of an issuable fact, absent the test of cross-examination.").

**ANALYSIS**

The Defendants argue that the Court should exclude the HRD, EEOC, and DOJ letters, determinations, and decisions, because they do not satisfy the Tenth Circuit's and the rules' criteria for trustworthiness. The Defendants also argue that, pursuant to rule 403, the Court should not permit the Plaintiffs to make any reference to the ADA, to disability, or to accommodations in connection with Ram's health problems, because to permit the use of these terms would confuse the jury and perhaps allow Ram to profit on a claim which he has not alleged -- that he was discriminated against on account of a disability -- and for which he has not exhausted his administrative remedies. The Court agrees that the HRD, EEOC, and DOJ letters, determinations, and decisions do not satisfy the criteria for trustworthiness necessary to make them admissible and so will exclude them from the trial in this case. The Court does not believe, however, that absent a more fully developed record, it can determine definitely whether references to the ADA or to Ram's disability will improperly confuse the jury, and so the Court will deny that portion of the Defendants' motion.

**I.   THE HRD, EEOC, AND DOJ LETTERS, DETERMINATIONS, AND DECISIONS DO NOT BEAR ADEQUATE INDICIA OF TRUSTWORTHINESS AND HAVE LITTLE PROBATIVE VALUE.**

The Defendants argue that the HRD, EEOC, and DOJ letters, determinations, and decisions do not satisfy the criteria for trustworthiness. The Defendants point out that there were no formal procedures associated with any of these materials. See Motion to Exclude at 2. The Defendants also maintain that the administrative investigation of the Plaintiffs' Complaints was limited to "an investigation of each Complaint by a Human Rights Division investigator followed by a letter determination stating a finding of lack of probable cause for the first Complaint and a probable cause letter for the second Complaint." Id. Finally, the Defendants also state that the admission of these

materials "might sidetrack this trial into an evaluation of the validity of [the] HRD's findings and conclusions rather than focusing the jury on the evidence presented at this trial." Id.

The Defendants point out that the letters, determinations, and decisions are not the product of any hearings or adjudicatory procedures. See Transcript at 3:12-13 (Kilgore). The Defendants argue that this investigation was only performed at the HRD level, and note that there is no information in the record regarding the extent of any independent investigation the EEOC or DOJ may have performed. See id. at 3:13-15. The Defendants maintain that these investigations were flawed because they did not involve any formal procedures affording the parties the opportunity to respond to charges and to cross-examine witnesses. See id. at 4:8-10.

The Court agrees with the Defendants that the circumstances surrounding these administrative materials do not bear adequate indicia of trustworthiness to justify their admission in light of their limited probative value on the ultimate issues at trial in this case. They are not the product of hearings or of formal procedures aimed at developing a factual record and giving the parties the opportunity to respond to argument and to cross-examine witnesses. Rather, "the matter and things contained therein express merely the opinion of one whose official office and duty does not rise to the dignity of an adjudicator of causes and effects." Franklin v. Skelly Oil Co., 141 F.2d at 572 (excluding a report documenting a fire inspector's opinion regarding the cause of a fire because the report consisted only of the inspector's opinion and were not the product of an adjudicatory proceeding). Consistent with the criteria suggested in the advisory committee's note to rule 803(8)(C), and the Tenth Circuit's endorsement of that criteria in Denny v. Hutchison Sales Corp., those opinions are not sufficient grounds for admission of this evidence. See Denny v. Hutchison Sales Corp., 649 F.2d at 821-22 (affirming trial court's exclusion of Colorado Civil Rights

Commission findings because the findings were the result of an ex parte investigation which did not involve formal procedures or afford the parties opportunity for cross-examination).

## II. THE COURT WILL NOT PROHIBIT REFERENCES TO THE ADA OR TO RAM'S ALLEGED DISABILITY AT THIS TIME.

The Defendants contend that, even though Ram has not alleged a claim based on disability under the ADA, he has alleged that he has health problems that were exacerbated by the stress of working for the Defendant supervisors and that the Defendants improperly denied his request for a transfer.  See Motion to Exclude at 2.  The Defendants argue that references to Ram's health issues and alleged disabilities could lead the jury to conclude that the Defendants had a legal duty to accommodate Ram by transferring him.  See id. at 3.  The Defendants suggest that permitting references to these issues would confuse the jury and possibly allow Ram to profit from an alleged disability claim -- a claim he has not pled and for which he has not exhausted his administrative remedies.  At the hearing on this motion, the Defendants asserted that any prejudicial references could be easily redacted from any evidentiary material submitted to the jury.  See Transcript at 7:14-16 (Kilgore).

The Plaintiffs counter that references to Ram's health concerns are relevant to the adjudication in this case because "the fact that [D]efendants' ignored many doctors' notes [] regarding [] Ram's disability and his mistreatment on the basis of disability is essential evidence  . . . regarding the discriminatory treatment [Ram] typically endured."  See Response at 1.  The Plaintiffs contend that the number of serious complaints invoking the ADA and the dismissive manner in which the Defendants handled those complaints, when combined with the evidence related to the manner in which non-Indian employees' complaints were addressed, is probative to assessing the validity of their

disparate treatment claim. See id. at 3. Finally, the Plaintiffs object to the redaction of any exhibits because "the import of the multiple complaints is lessened without direct mention of the Environment Department's potential legal obligations." Id. at 4.

The Court acknowledges that there may be some danger that this evidence could confuse or mislead the jury into believing that Ram has an ADA claim which he has not pled. The Court is not prepared to say at this point, however, that these dangers substantially outweigh the evidence's probative value. At this point in the proceedings, the record is not sufficiently developed for the Court to exclude the evidence. The Court, therefore, will deny the motion without prejudice to the Defendants renewing it at trial in the context of a more fully developed record.

Although the Court will not entirely exclude evidence related to the ADA and to Ram's health issues at this time, it will order that certain portions of two letters be redacted. In the Plaintiffs' exhibit addendum to their Response to the Defendants' Motion to Exclude, they have included two letters from Dr. Christopher Fletcher; these letters are addressed to Plaintiffs' counsel, George Geran, and to David Contarino, Chief of Staff, at the Office of the Governor. See Plaintiffs Ram and Thakur's Exhibit Addendum to Response to Motion in Limine to Exclude Mention Regarding Administrative Determinations and Mention of Plaintiff Ram's Disability, filed November 21, 2006 (Doc. 73), Exhibit 1, Letter from Dr. Christopher Fletcher to George Geran (dated October 4, 2004); Letter from Dr. Christopher Fletcher to David Contarino (dated April 12, 2004). In each of these letters, Dr. Fletcher states that, under "ADA guidelines, [Ram] has the right to have his request [for a transfer] honored in a prompt fashion." Id. The Court concludes that this statement is an unsubstantiated legal conclusion that may serve to distract the jury from ultimate issues in dispute in this case and should be redacted from any exhibits presented to the jury at the trial in this case. The

Court would not allow a lawyer to testify as an expert about the law; it will not allow a doctor to testify about the law through his letters.

**IT IS ORDERED** that the Defendants' Motion in Limine is granted in part and denied in part. The HRD, EEOC, and DOJ letters, determinations, and decisions are excluded. The Court will deny the Defendants' request to preclude references to the ADA and Ram's alleged health issues without prejudice to the Defendants renewing their objections at trial in the context of a more fully developed record. Although the Court will not entirely exclude evidence that references the ADA and Ram's alleged health problems at this point in the proceedings, it will require Dr. Fletcher's statement that under "ADA guidelines, [Ram] has the right to have his request [for a transfer] honored in a prompt fashion" be redacted from any exhibits presented to the jury at the trial in this case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

George T. Geran
Santa Fe, New Mexico

    *Attorney for the Plaintiffs*

M. Karen Kilgore
White, Koch, Kelly & McCarthy, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendants*